IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE PANOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Blanche M. Manning |
| | ) | |
| v. | ) | Case No. 03 C 8550 |
| | ) | |
| KNEAD DOUGH BAKING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks to bar affidavits of two witnesses and the supplemental discovery responses in which these witnesses are identified on the ground that the disclosures are untimely. For the reasons stated herein, the motion to bar is denied without prejudice.

**A.     Background**

Discovery was closed in this employment discrimination case on November 11, 2004. On March 21, 2005, defendant disclosed the names of two new witnesses whom it contends have knowledge of the claims and defenses in this action. Specifically, as part of its disclosure, defendant supplemented its response to plaintiff's Interrogatory No. 4, which asked defendant to identify the "names, last known address and telephone numbers, and if employed by you, the positions, of all persons having any knowledge of the facts as alleged in Plaintiff's Complaint or Defendant's Answer and Affirmative Defenses." The supplementation included the names, addresses and phone numbers of Liz Deken, account manager for TALX UC eXpress ("TALX")

and Yolanda Green, claims service representative for TALX.[1]  In addition, defendant supplemented its responses to plaintiff's Document Request No. 18, which requested "[a]ny document that the Defendant contends supports the Defendant's Answer or Affirmative Defenses," by producing the "statements"[2] of Ms. Deken and Ms. Green.  According to defendant, these witnesses have knowledge regarding plaintiff's unemployment benefits and documents relating thereto.

Plaintiff propounded the above-mentioned discovery requests on April 20, 2004.  She then filed a motion to compel the production of documents related to, among other things, Document Request No. 18, which she states she withdrew when defendant's counsel represented to plaintiff's counsel that there were no other documents related to plaintiff's claims for unemployment compensation.

Plaintiff claims that she has been prejudiced by the late disclosure because she was not able to depose the witnesses or otherwise offer counter-evidence to refute the contentions contained in defendant's discovery responses.  Further, plaintiff states that the information was not "thereafter acquired" as required by Fed. R. Civ. P 26(e).  Finally, plaintiff argues against the admissibility of the statements themselves.

Defendant offers no explanation for the late disclosure.  Defendant contends that Ms. Deken and Ms. Green are rebuttal witnesses only and will be used only in the event that the

---

[1]While both parties discuss the implications of these newly disclosed witness statements, neither party states who TALX is or how employees of TALX are relevant to the case at hand.

[2]While the statements are signed and the individuals "declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," the statements are not notarized.

plaintiff attempts to argue that a letter from the Illinois Department of Employment Security demonstrates pretext on the part of defendant in terminating plaintiff. Defendant further states that in the event plaintiff attempts to use the letter from IDES, it will seek to have it excluded from evidence for various reasons it discusses.[3]

**B.     Analysis**

Rule 26(e)(2) provides guidance for supplementary discovery responses:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

"The duty to supplement discovery requests lingers on without solicitation by the requesting party." *Allen v. Bake-Line Products, Inc.*, No. 98 C 1119, 2001 WL 883693, at *1 (N.D. Ill. August 8, 2001) (*citing Marianjoy Rehab. Hosp. v. Williams Elec. Games. Inc.*, No. 94 C 4918, 1996 WL 411395 (N.D. Ill. July 19, 1996)). If a party fails to supplement its responses, the court may elect to exclude "all evidence related to the non-supplemented subject." *Heidelberg Harris, Inc. v. Mitsubishi Heavy Industries, Ltd.*, No. 95 C 0673, 1996 WL 680243, at *8 (N.D. Ill. Nov. 26, 1996) *(citing Holiday Inns. Inc. v. Robertshaw Controls Co.*, 560 F.2d 856, 858 (7th Cir. 1977)).

The court notes that in addition to not responding to specific interrogatories and document requests issued by plaintiff, defendant's failure to identify these witnesses is also a violation of the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A). Rule 26(a)(1)(A)

---

[3] At this point in the case, the court need not rule on whether the witnesses' statements or the letter from the IDES are admissible as neither of these documents is currently at issue.

requires parties to provide other parties with "the name, and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses...." Rule 37(c) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness .... not so disclosed." Fed. R. Civ. P. 37(c)(1). The sanction of exclusion is automatic unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000).

The following factors guide the trial court's determination of whether exclusion is appropriate: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003). Finally, district courts have broad discretion in matters relating to discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Here, plaintiff is correct that defendant has not provided any reason why these disclosures were not made prior to the end of discovery and never denied that it possessed knowledge of the identities of the two women prior to the discovery cut-off. On the other hand, there is no evidence of willfulness or bad faith. In addition, the trial date has not yet been scheduled and so any disruption of trial is nonexistent. Further, while plaintiff would be prejudiced if the two additional witnesses and their statements were admitted, this prejudice can be cured. As noted by another court in this district, the Seventh Circuit has stated that "[i]n the

4

normal course of events, justice is dispensed by the hearing of cases on their merits," *E.E.O.C. v. Caterpillar,* No. 03 C 5637, 2004 WL 2092003, *at \*9 (citing Musser v. Gentiva Health Services*, 356 F.3d 751, 759 (7th Cir. 2004)).

Accordingly, given that the parties have not yet filed motions for summary judgment and, indeed, have not yet sought leave to file a motion for summary judgment (but apparently are in the process of fulfilling this court's requirements to do so), the court will reopen discovery for 30 days. Discovery will be reopened for the limited purpose of allowing plaintiff to depose Ms. Deken and Ms. Green and to issue discovery requests addressing only the limited issues discussed in these witnesses' statements. Defendant is ordered to offer any assistance necessary to obtain the depositions promptly. In the event that the parties are not able to obtain the depositions promptly, the court retains the right to revisit plaintiff's motion to bar at a later time.

By virtue of the fact that the court is permitting the late depositions, the defendant's violation is rendered harmless. *See id.* (allowing late depositions of witnesses based on untimely disclosure and thus finding the Rule 26(a) violation harmless). However, while not excluding these witnesses, the court imposes the lesser sanction of requiring the defendant to be responsible for the reasonable attorneys' fees (including reasonable preparation time) and costs incurred by plaintiff in taking these late depositions pursuant to Fed. R. Civ. P. 26(g)(3). *Id.* (imposing similar sanction due to the late disclosure of witnesses).

In the meantime, the court directs the parties to continue the necessary communications to satisfy the court's standing order on filing a motion for summary judgment. Finally, the court notes that by reopening discovery it in no way condones defendant's late disclosure. Parties,

including defendants, are obligated to reflect closely upon all possible claims and defenses during the litigation process and determine the impact of these claims and defenses on discovery. If they do not, then, as demonstrated here, discovery deadlines become meaningless and the court's ability to manage both its docket and the case at hand is thwarted.

**C.     Conclusion**

In conclusion, plaintiff's motion to bar [51-1] is denied without prejudice. Discovery is reopened for 30 days for the limited purposes described above.

**ENTER:**                                                           /s/ Blanche M. Manning
                                                                     **Blanche M. Manning**
                                                                     **United States District Judge**

**DATE:** April 26, 2005